# UNITED STATES DISTRICT COURT FOR THE EASTERN MICHIGAN

**SAMANTHA RAJAPAKSE**

    **PLAINTIFF**

**V.**

    Case:2.16-cv-13144
    Judge: Leitman, Matthew F.
    MJ: Davis, Stephanie Dawkins
    Filed: 08-29-2016 At 10:22 AM
    CMP RAJAPAKSE V. CREDIT ACCEPTANCE
    CORPORATION (NA)

**CREDIT ACCEPTANCE CORPORATION**

    **DEFENDANT**

---

## COMPLAINT

---

### TO THE HONORABLE DISTRICT COURT FOR THE STATE OF MICHIGAN,

**COMES BEFORE YOU,** Plaintiff, Samantha Rajapakse do hereby submit to the court her complaint against the Defendants Credit Acceptance Corporation (hereinafter) Credit Acceptance for violation of the Michigan Consumer Protection Act of 1976, Act 331. This case is filed a public interest of all consumers who have financed or financing a vehicle through Credit Acceptance Corporation.

Plaintiff, Samantha Rajapakse has an agreement with Credit Acceptance. Defendants, Credit Acceptance Corporation is located in Southfield, Michigan in which Plaintiff is seeking jurisdiction. The agreement includes a Warranty for the vehicle which is currently being financed.

Plaintiff, Samantha Rajapakse is a residence of Memphis, Tennessee, Shelby County. Residence is 1435 Ragan Street, Memphis, Tennessee, 38106

Defendant, Credit Acceptance is a residence of Southfield, Michigan.

1

Plaintiff states that this court has diverse jurisdiction regarding the sale of the vehicle in Tennessee and where the contract is being held binding in Michigan where the contract is being enforced.

## STATEMENT OF FACTS: VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT AND TENNESSEE CONSUMER PROTECTION ACT.

1. Plaintiff purchased a vehicle at A-1 Auto sales in Memphis, Tennessee January 7, 2014. The vehicle was sold in Memphis, Tennessee which stated it had an existing warranty. The warranty was for two (2) years 24 (twenty-four) months. Plaintiff, (hereinafter as Rajapakse) noticed the warranty was automatic placed on the financing of the vehicle. Plaintiff, Rajapakse signed the agreement as stating to the warranty.
2. Prior to the first payment of February, 2016 Plaintiff, Rajapakse attempted to use the warranty on an issue which was covered by the warranty.
3. Plaintiff attempted to use the warranty at two Chevy dealerships in Memphis, Tennessee, Shelby County and Chevy in Hornlake, Mississippi, Desoto County which the warranty was not honored.
4. Plaintiff contacted the dealership who again confirmed there was an existing warranty on the vehicle.
5. Plaintiff attempted to take the vehicle to get services through certified mechanics and the warranty was again not honored.
6. Plaintiff contacted Credit Acceptance, March, 2014 via writing in attempted to inform the finance company of the issue she was having. The company did not respond to the letter.
7. From March, 2015 to September, 2015 Credit Acceptance never replied to Plaintiff's letters regarding the existing warranty which Credit Acceptance never replied.
8. September, 2015, Plaintiff filed a complaint with Michigan Better Business Bureau Credit Acceptance was financing a warranty that could not be used to repair her vehicle.

2

9. During the investigation, Credit Acceptance provided Plaintiff, Rajapakse with a number to contact the warranty department for a refund of the amount.

10. Plaintiff was told by the warranty company unknown to provide the vehicle VIN number and the mileage for a refund.

11. Plaintiff sent the information via mail to the parties in seeking full refund of the warranty and adjusting the account.

12. Credit Acceptance did not respond to Plaintiff's request for a refund via mail.

13. On July 7, 2016, Ms. Rajapakse contacted Credit Acceptance regarding making a payment and was informed at that time she could cancel the warranty on the vehicle. Ms. Rajapakse stated a check in the amount of one hundred and fifty dollars would be sent to her (150.00).

14. Credit acceptance never sent the check stated they have but adjusted the account on Plaintiff's payments.

15. Plaintiff, Rajapakse never received any adjustment notice on the account.

16. Plaintiff filed a complaint with the United States Consumer Finance Agency regarding the warranty.

17. Credit Acceptance reply to Plaintiff, Rajapakse via phone through a representative name Shannon it was not a warranty but a service agreement.

18. Credit Acceptance, Shannon stated Plaintiff Rajapakse never sent any information and other customers were able to use the service agreement.

19. Credit Acceptance failed to provide any dealership or any companies who would honor the warranty or service agreement.

**SUMMARY OF FACTS: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT:**

20. Plaintiff cell phone records shows Credit Acceptance has repeatedly called her over 5 and 7 times a day regarding her account from February, 2015 to present.

21. Plaintiff states that even after she has made arrangements on her account with Credit Acceptance for payment, another agent would repeatedly call stating it was not in the records and harass her for payment.
22. Plaintiff phone records show the Defendant, Credit Acceptance repeatedly call Ms. Rajapakse all day during her work hours even after she communicated with them.
23. Plaintiff phone records show the Defendants, Credit Acceptance have called repeatedly on the weekend hours.
24. Plaintiff states around September, 2015 as part of her complaint with the Michigan Better Business Bureau to cease Defendants, Credit Acceptance from calling her phone repeatedly.
25. Plaintiff, Rajapakse states after she filed a complaint with the United States Consumer Finance Protection agency Defendant, Credit Acceptance has retaliated by repeatedly calling her all weekend.

**FAIR DEBT COLLECTION PRACTICES ACT:**

Section 802 of the Congressional findings for the Fair Debt Collection Practices Act have stated the actions by creditors in obtaining a debt have been abusive, harassing, and oppression causing personal bankruptcies, loss of employment, and causing injuries to individual consumers.

Defendant Credit Acceptance have violated Ms. Rajapakse under the Fair Credit Practices Act 807 by calling her as many incidents within minutes of the first initial call and even after leaving a message for the return call to them.

Defendant Credit Acceptance has threaten and harassed Ms. Rajapakse of the Fair Credit Practices Act in communicating with her by stating to her she need to make an additional 100.00( one hundred) dollars on to her existing payment. When Ms. Rajapakse refused, the representative have become hostile and threaten by stating of such device used to stop the car from moving.

4

Defendant Credit Acceptance has threaten Ms. Rajapakse of the Fair Credit Debt Practices Act Section 812 and 807 by furnishing to the United States Consumer Protection agency and the State of Michigan Attorney General information of steps Credit Acceptance has taken to resolve Ms. Rajapakse's complaint.

Defendant Credit Acceptance has mislead Ms. Rajapakse and other consumers who has financed a loan for a vehicle has endured the same treatment in repayment of this debt. They have been subjected to harassment of phone calls and warranty that does not cover the vehicle or have to pay an excessive amount to have their vehicles repaired.

Credit Acceptance and its participating dealers give a false misleading representation of "peace of mind" coverage during the financing of their vehicles which resulting in no coverage for repairs.

Consumers financing through Credit Acceptance are not given the option of "opting out" of this coverage or refusing covering because it is automatic placed on the finance agreement.

## NOTIFICATION OF CREDIT ACCEPTANCE CUSTOMERS

Plaintiff is petitioning the court to order Credit Acceptance to notify its customers from 2013 to 2015 of this lawsuit so the court my hear evidence of the offered warranty or service agreement attached to their payment of the vehicle. **THIS IS NOT A CLASS ACTION** because this case cannot certified without an Attorney licensed to practice law in Michigan or before the Court. Plaintiff is stating her case is not isolated situation and Credit Acceptance behavior has been documented on social media regarding their collection behavior. Plaintiff is seeking this to show support in her complaint of such warranty/service agreement was never given an option by Credit Acceptance to refuse such service or to be able to cancel. Credit Acceptance does not provide its customers financing a vehicle this option. As a result, it is violating the Fair Collection Practices Act.

The action of Credit Acceptance Corporation collection practices has resulted in its customers falling behind on their payments, repossession, threaten phone calls, and vehicle disabled due to repairs

5

on vehicles who have attached financed warranty/service agreements. Consumers are forced to pay for the vehicle, the warranty/service agreement and then repairs which are supposed to be covered by the warranty.

Those who wish or request to opt out of the warranty/service agreement without any claim filed or notice of problem should be reimbursed the full amount with the interest of the finance adjusted to their account. Those who account has been adjusted shall receive any overpayment and title to their vehicle as proof of payment and shall not be liable for any debt attached.

Ms. Rajapakse debt with Credit Acceptance be reviewed regarding the warranty/service agreement by this court and the balance be adjusted minus the service.

Since plaintiff and other parties seeking relief from this creditor may not be able to afford an attorney or find other parties to make a class action lawsuit, the court should not dismiss the right of other parties to be notified of this complaint so that they may file a complaint with this court on the same or similar complaint or claim as a foundation against Credit Acceptance.

**IT IS THERE PLAINTIFF PETITON:**

1. The court allow evidence such as reviews on social media regarding the performance of credit Acceptance be accepted in showing their behavior with its customers.
2. Phone record evidence between Credit Acceptance be allowed into this court to support plaintiff's claim.
3. The court review all evidence including the warranty/service agreement against Credit Acceptance in making adjustments to accounts.
4. Plaintiff be awarded full adjustment of their accounts including interest to finance warranty on their account.

6

5. Credit Acceptance Corporation is ordered to inform its customers of this pending litigation so that customers has intention of filing a claim shall do so by filing an individual complaint with this court and such complaint be the foundation for Plaintiff's complaint and other consumer's complaint.

Respectfully Submitted

Samantha Rajapakse
1435 Ragan Street
Memphis, TN 38106
901-237-0744

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RAJAPAKSE, SAMANTHA

**DEFENDANTS**
CREDIT ACCEPTANCE CORPORATION

**(b)** County of Residence of First Listed Plaintiff: **SHELBY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Case: 2:16-cv-13144
Judge: Leitman, Matthew F.
MJ: Davis, Stephanie Dawkins
Filed: 08-29-2016 At 10:22 AM
CMP RAJAPAKSE V. CREDIT ACCEPTANCE
CORPORATION (NA)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE
1435 RAGAN STREET
MEMPHIS, TN 38106

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practice Act

Brief description of cause:
warranty that is financed on loan not honored. not given a refund

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | | |
|---|---|---|
| ☒ | Two (2) completed **Civil Cover Sheets.** | |
| ☒ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>___1___ + 2 = ___3___ **Complaints.**<br># of Defendants       Total<br><br>Received by Clerk: _(NA)_  Addresses are complete: _not complete address_ | Case:2:16-cv-13144<br>Judge: Leitman, Matthew F.<br>MJ: Davis, Stephanie Dawkins<br>Filed: 08-29-2016 At 10:22 AM<br>CMP RAJAPAKSE V. CREDIT ACCEPTANCE CORPORATION (NA)<br>**HERE** |
| ☐ | If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. | |

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>**Clerk, U.S. District Court**<br><br>Received by Clerk: _____ Receipt #: _____ | ☒ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br><br>Received by Clerk: _____ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br>Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☒ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _(NA)_ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13

