

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

FILED
AUG 29 2017
CLERK'S OFFICE
U.S. DISTRICT COURT

**SAMANTHA RAJAPAKSE**          Case No. 16-13144

    Plaintiff                Matthew F. Leitman
                             United States District Judge

v.                              Stephanie Dawkins Davis
                                United States Magistrate Judge

**CREDIT ACCEPTANCE CORPORATION**

    Defendant

---

### PLAINTIFF'S MOTION FOR RECONSIDERATION DEFENDANTS REQUST FOR ARBITRATION NOT TAKEN IN GOOD FAITH

### PLAINTIFF MOTION TO AMEND COMPLAINT TO INCLUDE OTHER CLAIMS AGAINST CREDIT ACCEPTANCE CORPORATION UNDER THE RICO ACT & MICHIGAN CONSUMER PROTECTION ACT

### MOTION FOR INJUNCTIVE RELIEF OF ALL CLAIMS FILED BEFORE THIS COURT AGAINST CREDIT ACCEPTANCE CORPORATION FOR WARRANTY FRAUD

### MOTION TO AMEND COMPLAINT AS A MATTER OF RIGHT

### MOTION TO HAVE THIS COURT ARBITRATE OR HEAR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST CREDIT ACCEPTANCE

---

TO THE HONORABLE DISTRICT COURT MAGISTRATE, STEPHANIE DAWKINS DAVIS, COMES NOW **Plaintiff,** Samantha D. Rajapakse do hereby petition the court for reconsideration of her complaint against Defendants, Credit Acceptance Corporation.

It was recommended by the court under the recommendation of the Magistrate's report that both parties arbitrate as agreed by Plaintiff and Defendant in this matter. The complaint was dismissed **WITHOUT PREJUDICE** to allow the parties to arbitrate. On August 8, 2017, Ms. Rajapakse sent Credit Acceptance Corporation a letter under the recommendation to arbitrate to

which Credit Acceptance Corporation refused to answer. Ms. Rajapakse sent their counsel a letter of arbitration in which he did not reply. Ms. Rajapakse sent the Board of Directors a letter stating the court has recommend arbitration between the parties and at that point Counsel King contacted Ms. Rajapakse. Counsel for Credit Acceptance Corporation forward a copy of the arbitration clause to Ms. Rajapakse who revised the Letter of Arbitration and resubmitted to Credit Acceptance Corporation pertaining a very reasonable offer.

Credit Acceptance Corporation attempted to bully Ms. Rajapakse into an immediate oral agreement and refused to put their offer in writing so she may properly consider any offer and or have it reviewed by legal counsel.

Credit Acceptance Corporation Counsel spoke with Ms. Rajapakse on August 23, 2017 and asked her (not proposed) that she would drop the suit if Credit Acceptance Corporation would remove the negative trade on her credit report and remove the entire account. Credit Acceptance Corporation would also provide the clear title to the vehicle. Credit Acceptance Corporation refused to provide any good faith in putting the offer in writing.

Based on the oral conversation, Ms. Rajapakse contacted Will and Associates, a credit repair company based out of Tennessee regarding the oral conversation and informed the company of Credit Acceptance Corporation and was advise to get the credit settlement in writing so if the creditor again place the account on Plaintiff's credit, it could be easy to dispute. Credit Acceptance Corporation has refused to do so.

Ms. Rajapakse sent a revised WRITTEN counter offer of what she had requested and Credit Acceptance Corporation later informed Ms. Rajapakse any offer would be rejected due to the court dismissing the complaint. Credit Acceptance Corporation rejected her offer and then informed her to again submit to arbitration. **(See exhibit attached of evidence of Arbitration clause)**. Credit Acceptance Corporation arbitration clause is bias because any employee, staff, or assigned person can arbitrate on behalf of Credit Acceptance Corporation giving the buyer a bias. The arbitration clause which was provided by Credit Acceptance Corporation is one sided and therefore, Plaintiff is asking the court to open the cause for further litigation.

Plaintiff has produced evidence to Credit Acceptance, the three major credit bureaus, ( Experian, Transunion, Equifax that they have violated the Michigan Consumer Protection Act

2

into paying into the fraudulent warranty they tell the buyer their behind on the car note resulting in repossession or additional fees being applied.

Credit Acceptance Corporation defense against Ms. Rajapakse is she has not paid her account since August, 2016 and they have a right to take possession of the vehicle. Yet, Ms. Rajapaksa's credit report with Experian (See Exhibit of credit report) supports Ms. Rajapakse's claim she would be paying on fraudulent warranty and the vehicle is paid for. **THEREFORE,** the court should order Credit Acceptance Corporation to release the title to her and the note being satisfied.

## MOTION TO AMEND COMPLAINT

Plaintiff is amending her complaint to include additional parties and amend violations under FRCP 15 the complaint.

Amend complaint to include **RICO ACT** (Racketeer Influence and Corruption Act) *18 USC §1961-1968* against Credit Acceptance, its CEO, employees, Board of Directors, for financial theft, as defined by the federal definition (larceny) by using the warranty of services or goods in order to obtain money under false pretense. The warranty or extended warranty as stated on Credit Acceptance Corporation, contracts are not honored and the money paid by the buyer, Credit Acceptance Corporation will not refund or adjust the buyer's account. Plaintiff is amending the complaint to include RICO Act due to Credit Acceptance Corporation violation of a federal law and the Michigan Consumer Protection Act which defines any business that sells, promotes, or market any product, services, or goods either directly or indirectly.

Credit Acceptance Corporation has full knowledge this is not a warranty but continue to market this service or good through its authorize dealers, representatives, or agents in an attempt to defraud its buyers to think they have insurance in case the vehicle which is financed is covered for mechicianal defects or troubles.

Credit Acceptance Corporation promoting, marketing, and selling fraudulent warranties that not only promotes a profit, enhance its stocks before Wall Street that is created by

445.901, 902, 903 by manipulating financial documents in reporting the original amount of the loan and seeking another amount by the consumer.

Credit Acceptance Corporation is charging Plaintiff and others seeking to enter into this complaint to fight as pro se and buyers of Credit Acceptance Corporation that Credit Acceptance Corporation is selling and attaching Fraud service as warranties or service agreements to their loans being offered in financing vehicles in which are not honored and have no intentions on being honored.

Credit Acceptance Corporation has no intention on arbitrating this matter nor attempting to resolve the issues that were address in the complaint or letter of arbitration.

**THEREFORE,** Plaintiff ask this case be reconsidered and opened so the court may properly adjudicate this matter.

Credit Acceptance Corporation breached their own Arbitration clause and are not in good faith with the court by requesting arbitration and waiting for the case to be dismiss in failing to do so.

**THEREFORE,** Plaintiff ask you reconsider the motion for dismissal under the arbitration agreement and she be allow to proceed in this matter and other claimants be allowed other parties to submit claims into this complaint as pro se.

### PLAINTIFF ATTEMPTED TO ARBITRATE IN GOOD FAITH

Plaintiff agreed and attempted to arbitration in good faith. Credit Acceptance Corporation had no intentions of arbitrating this matter and deceived the court and Plaintiff into agreeing. Shortly after the case had been dismissed Credit Acceptance Corporation shut down. They were not even attempting to contact Plaintiff in trying to arbitrate. As a result of this, the court dismissed the case in good faith and **WITHOUT PREJUDICE.** Credit Acceptance Corporation used their vague arbitration clause to have this case dismissed before this court so they could continue to violate Ms. Rajapakse and others outside of the court in repossession, charging and obtaining money by fraudulent means behind the eyes and monitoring of the court. To persuade the buyers

3

manipulating its financial records provided including to the Internal Revenue Service (IRS) is a criminal act.

Credit Acceptance Corporation is a financial institution that finances vehicles for those whose credit is less than perfect. Plaintiff, Ms. Rajapakse loan has been manipulated by Credit Acceptance Corporation in which the original balance was reported as 10,089 and the papers provide to Ms. Rajapakse was over 17,000.00 Because this is a lending institution if falls under the FDIC section :

**§ 1341. Frauds and swindles.**

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

Counsel on Credit Acceptance Corporation behalf came to Ms. Rajapakse with an oral consideration of having Credit Acceptance Corporation remove themselves from her credit and the negative violation of the FDIC. Credit Acceptance Corporation is not a bank but a financial institution that loans money for those who have less than perfect credit, this is no more than any banking institution such as Wells Fargo or Bank of America creating fake customers' accounts. Ms. Rajapakse refusal to have it removed from her account and instead informed Credit Acceptance Corporation to report the account satisfied and provide her with a letter of proof. Credit Acceptance Corporation stated to Plaintiff, Ms. Rajapakse it would take months for the action to happen meaning Credit Acceptance Corporation would have to alter, falsify, and manipulate the records to remove an account for three years off Ms. Rajapakse entire credit record. Ms. Rajapakse stated a reasonable monetary damage for Credit Acceptance Corporation

to just simply correct he account, in return they refused to do so. **THEREFORE, PLAINTIFF SEEKS RELIEF FROM THE COURT.**

## MANIPULATION OF TAX RELATED INCOME

Since the buyers being financed through Credit Acceptance Corporation is an asset to the company, Credit Acceptance Corporation has to report it earnings to the Internal Revenue Services (IRS) as well as to the Security Exchange Commission (SEC) in reports. The reports submitted to these agencies include the loans as assets obtained with the attached warranty. Since the warranty is fraudulent and Credit Acceptance Corporation has not provided to Plaintiff or any other customer the official terms and conditions of the warranty, the warranty never existed and Credit Acceptance Corporation has used these earnings to boost and reported these earnings as growth. Under **Section 17 of the Securities Act and Section 10 (b) Rule 10 b**

It is prohibit under (a) employ devices, schemes, and artifices to defraud, making untrue statements of material facts or omitting to the state material facts necessary to make the statement of material fact to be misleading. (c) Engage in acts, practices, and a course of business which operates or would operate as a fraud or deceit upon any person in connection with the sale of security.

Since Credit Acceptance Corporation stock are reported on Wall Street of their loan assets, then they are misleading investors of the company to believe their earnings are ethical. Their investors are lead to believe Credit Acceptance Corporation is upholding the law and their accounts are sound under the Truth in Lending Act.

## PARTIES TO AMEND COMPLAINT FOR VIOALTION OF THE RICO ACT, UNDER THE TRUTH IN LENDING ACT, SEC VIOLATION AND THE IRS AND THE MICHIGAN CONSUMER PROTECTION ACT

Plaintiff request she be allowed to amend her complaint to include the following:

Brett Roberts, CEO Chief Executive Officer of Credit Acceptance Corporation

Steven Jones, President of Credit Acceptance Corporation

Charles Pearce: Legal Officer of Credit Acceptance Corporation

Arthur Smith, Chief Analytics Officer

Douglas Busk, Treasurer

Glenda Flanagan, Board Member and Chief Financial Officer

Thomas N. Tryforus, Board Member and Private Investor

Scott J. Vassauzzo, Manager of Prescott General Partner, LLC

Kenneth Booth, Chief Financial Officer

The court allows the parties to be notified by the current legal representation and allowed 30 days to respond to the amend complaint. These parties amended to be included the complaint have a business and personal interest, including financial.

Since the dispute over during the commission of a crime, the arbitration clause do not apply to this matter. The claims presented are not class action and each individual that brings a claim before this court are on their own and show support in their own claim. Credit Acceptance Corporation can not address the validity of their contracts in good faith when they are coming before the court with unclean hands.

## THE COURT TO ALLOW THE DISCOVER OF CREDIT ACCEPTANCE CORPORATION

Under Rule 26 of Discovery Plaintiff has a right to discover to obtain information from another party to disclose all information related to this case. Those that file claims have a right to seek a discovery of any information pertaining their account including fees, and other information that may apply. Discover submitted will seeking her own account and will show support of the allegations against Credit Acceptance Corporation, ONLY and not any other account. Additional parties my seek disclose of their account in writing to Credit Acceptance Corporation outside of this complaint. Plaintiff states if this another party contact Credit Acceptance Corporation they may be allowed to submit that discovery into this court in supporting the allegations made in the original complaint and the amend complaint as well.

## CREDIT ACCEPTANCE CORPORATION VIOLATION OF THE TRUTH IN LENDING ACT.

The Truth in Lending Act was designed to disclose to the consumer the terms and conditions of a product, goods, or services they are obtaining. Although Credit Acceptance Corporation states that in its loan agreement, the terms and conditions of the warranty is not included in the loan nor is any additional information is submitted thereafter.

## BRIEF SUMMARY OF ADDITIONAL EVIDENCE TO BE SUBMITTED WITH MOTION

New customers have also come out stating the same claim against Credit Acceptance Corporation in the warranty fraud. These customers have experienced financial hardship in attempting to have the warranty purchase honored. Under Michigan Consumer Protection Act clearly states anyone that sells or markets any goods, services, or products with the intention of deceiving the consumer?

## OTHER CREDIT ACCEPTANCE CORPORATION BUYERS BE ALLOWED TO SUBMIT THEIR COMPLAINT AGAINST CREDIT ACCEPTANCE CORPORATION IN SUPPORT OF THE RICO ACT

Plaintiff has contacted other buyers through social media in obtaining other relevant information against Credit Acceptance Corporation regarding the allegations before this court. Although Plaintiff is Pro se, and cannot represent each buyer. The court can allow buyers who want to show Credit Acceptance Corporation violations as a pattern of practice. The court should also take into consideration there are thousands of buyers who have accounts with Credit Acceptance Corporation and should have a right to show this cause for the court to consider criminal action against Credit Acceptance Corporation or forward the action to a government agency for further investigation. The promotion and sale of fraudulent warranties has resulted in

Credit Acceptance, its CEO, Board of Directors, staff, agents, and affiliates to receive profits that would not have arrived if they were not attaching such goods and services to its buyers.

### AMEND MONETARY AMOUNT AGAINST CREDIT ACCEPTANCE

Plaintiff petitions the court to assign a trustee for those who are seeking monetary amount against Credit Acceptance Corporation for fraud warranty and any damages that occurred with attempting to use the service provided by Credit Acceptance Corporation not to exceed six thousand dollars ($6,000.00). Those who seek damages against Credit Acceptance Corporation requested have the services be removed from the account shall do so and the amount shall be adjusted within their account. If the warranty has affected their credit and upon Credit Acceptance Corporation stating it will take months, the amount shall be removed and Credit Acceptance Corporation shall provide them with the amount stated and shall provide credit monitoring service to make sure the error is corrected. Each person providing a proof of claim shall provide their contract and their credit reporting agency.

### NOTICE OF PUBLICATION IN SUPPORT OF RICO ACT

Plaintiff has obtained information from other some of Credit Acceptance's buyers who have and active account with the same complaints as her. A majority of those are individuals are in Michigan. Ms. Rajapakse would like to publish a notice in seeking claimants who have the same problem which will include social media (Facebook and YouTube). This publication will support thousands who have obtain this fraudulent warranty and as a result have had to endure financial hardship and additional damages to their credit score and rating due to late fees and repossession. This will also support Credit Acceptance Corporation's pattern of behavior in supporting this criminal act against consumers.

### BRIEF SUMMARY IN SUPPORT

Credit Acceptance Corporation has been a predator lending in violation of federal and state laws in obtaining loans for those who have less than perfect credit seeking a second chance. Credit

Acceptance Corporation's arbitration clause is just like their warranty a smoke and mirror deception to continue their violations and criminal acts against consumers with no intentions of honoring their part of the contract. For their attorneys to offer criminal questions regarding removing or making an account disappear shows the CEO and Board of Directors and all persons who has obtained this counsel have knowledge and assist in this criminal act. A person who has less than perfect credit should not be subject to MIFA type terms and conditions when they are seeking a second chance of rebuilding their credit.

The RICO Act was created for Organized Crime that was using a business to shadow illegal means of obtaining money.

**THEREFORE, PLAINTIFF PRAYS:**

1. The court opens this complaint for further litigation.
2. The Order GRANTING injunctive relief to Plaintiff and all those who file a claim seeking relief.
3. The court allows Plaintiff to submit to Credit Acceptance Corporation Discovery
4. The court arbitrate this complaint in assurance of fairness to all parties.
5. Plaintiff be allowed to publish notification of this complaint in Michigan for any and all buyers who are currently or previously financed through Credit Acceptance Corporation during the three past (3) years.
6. Additional relief the court may asset to resolve this matter.
7. Plaintiff may resubmit her evidence with the court within 10 days of filing this motion.
8. Upon the court finding to support the allegations, notification to government agencies be allowed to investigate any criminal intentions

Respectfully Submitted,

*[signature: Samantha Rajapakse]*
Samantha Rajapakse
45 7th Calvary Road
Fort Leavenworth, KS  66027

**CERTIFICATION OF SERVICE**

A copy of this motion has been submitted by email and mail on the 25th of August, 2017 to the opposing Counsel Steven W. King of King and Murray 335 S.

Sincerely,

/Samantha D. Rajapakse

Samantha Rajapakse
45 7th Calvary Road
Fort Leavenworth, KS 66027

RECEIVED
AUG 29 2017
CLERK'OFFICE
DETROIT

District Court of Michigan
Attn Clerks Office
231 W. Lafayette Blvd 564 Rm
Detroit MI 48226