UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA RAJAPAKSE,

        Plaintiff,                        Case No. 16-cv-13144
                                           Hon. Matthew F. Leitman

v.

CREDIT ACCEPTANCE CORP.,

        Defendant.

_____/

## ORDER (1) DENYING MOTION FOR RECONSIDERATION (ECF #28) AND (2) TERMINATING MOTION FOR IMMEDIATE RESOLUTION (ECF #29) AS MOOT

In this action, *pro se* Plaintiff Samantha Rajapakse alleges that Defendant Credit Acceptance Corporation ("CAC") violated the Fair Debt Collection Practices Act and the Michigan Consumer Protection Act. (*See* Compl., ECF #1.) On July 28, 2017, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which she (1) concluded that all of Rajapakse's claims were "subject to final and binding arbitration" and (2) recommended that the Court grant CAC's motion to dismiss and dismiss this action without prejudice so that the parties could arbitrate their dispute. (R&R, ECF #24 at Pg. ID 180.) Rajapakse did not file timely objections to the R&R, and the Court adopted the R&R's proposed disposition of this action on August 23, 2017. (*See* ECF #26.)

On August 29, 2017, Rajapakse filed a motion for reconsideration.[1] (*See* ECF #28.)  In that motion, Rajapakse appears to allege that CAC acted in bad faith while trying to negotiate a settlement to her dispute, and she asks the Court to allow her to amend her Complaint so that she can bring new, additional claims against CAC and its employees. (*See id.*)

On a motion for reconsideration, a movant must demonstrate that the Court was misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that the defect, if corrected, would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to rehash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Rajapakse has not identified a "palpable defect" by which this Court was misled in either the R&R or the Court's Order adopting the R&R and dismissing her Complaint.  Moreover, Rajapakse has not demonstrated that correcting such a defect (if it exists) will result in a different disposition of the case. *See* Local Rule 7.1(h).

---

[1] At the same time Rajapakse filed her motion for reconsideration, she filed a second motion seeking immediate consideration of her reconsideration motion. (*See* ECF #29.)  Because the Court is addressing the reconsideration motion in this Order, it **TERMINATES** the immediate consideration motion as **MOOT**.

Rajapakse has therefore not persuaded the Court that reconsideration of its dismissal order or the R&R is warranted.

To the extent Rajapakse asks the Court to allow her to amend her Complaint, the Court construes that request as one to alter or amend its dismissal order pursuant to Federal Rule of Civil Procedure 59(e). *See, e.g., Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002) (construing post-judgment motion seeking leave to file amended complaint as a Rule 59(e) motion). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues ... and are not the proper vehicle to attempt to obtain a reversal of judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F.Supp.2d 721, 726 (E.D.Mich. 2000). "This standard is not inconsistent with the 'palpable defect' standard applied" in the reconsideration context. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006).

Rajapakse has failed to show that she is entitled to relief under Rule 59(e). She has not identified any "clear error of law," "newly discovered evidence," or "intervening change in controlling law" that justifies setting aside the judgment and

allowing her to amend her Complaint. Nor has Rajapakse shown a "manifest injustice" would result if the Court did not allow her to amend. Rajapakse has therefore not established that she is entitled to amend her Complaint.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Rajapakse's motion to for reconsideration and other relief (ECF #28) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: October 6, 2017          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 6, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

4